MRS. A. E. HENDERSON, Wife of J. Vanwickle, *v.* R. M. MONTGOMERY.

Where an institution, like that of slavery, has been abolished since the decision in the lower Court, no judgment can be affirmed; nor can it be reversed. The appeal ex proprio motu must be dismissed.

Damages as for a frivolous appeal are only awarded when the judgment is confirmed.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
*G. W. Helme,* for plaintiff.   *V. F. & J. B. Cotton,* for defendant and appellant.

HOWELL, J.   This is an appeal from an order of seizure and sale, obtained in October, 1861, "commanding the Sheriff of the Parish of Orleans to seize and sell, according to law, and for cash, the slaves" described in the petition.

Counsel for appellee, in their brief, ask the affirmance of the judgment, as there is no error in the proceedings, and suggest that, if it cannot be affirmed because of the supervening abolition of slavery, this is a clear case for allowing damages, for the reason that, but for the appeal, the slaves would have been sold, and the debt paid.

This is a reason that can have no weight.   The appellee has filed no answer praying for damages; and if she had done so, we could not grant them, because damages are awarded only upon confirming the judgment (C. P. 907); and we cannot affirm the judgment, because there are no slaves in this country, to be sold under an order of any Court.   We can not reverse the judgment, because, *at its date,* it was authorized by the law and evidence.

We consider that there is nothing now to sustain an appeal; that the judgment or order appealed from, being in conflict with the fundamental and paramount law of the land, is an absolute nullity; and that the parties must be left as they were when it was struck with nullity.   We can only, ex proprio motu, dismiss the appeal.

It is therefore ordered, that the appeal herein be dismissed at the costs of the appellant.